# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-75V
Filed: June 6, 2019
UNPUBLISHED

| | |
|---|---|
| SHERRI CAYTON,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Pneumococcal Conjugate Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Anne Olins*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 16, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she received a pneumococcal vaccination on December 16, 2016, and thereafter suffered a right-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 6, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On June 4, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $86,500.00, which

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

includes $1,500.00 for past unreimbursable expenses.  Respondent's Rule 4(c) Report Recommending Compensation and Proffer of Compensation at 4.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $86,500.00 in the form of a check payable to petitioner, Sherri Cayton.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.